UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON DIVISION
CASE NO. 5:22-cv-00109-DCR

*ELECTRONICALLY FILED*

| | |
|---|---|
| CARLOS THURMAN | PLAINTIFF |
| v.  **ANSWER** | |
| COOKIE CREWS, ET. AL. | DEFENDANTS |

Come the Defendants, Cookie Crews, Anna Valentine, Brad Adams, John Rector, Scott Gordon, Jessica Payton and Jennifer Tracy, in their official capacity only, by counsel, and for their Answer to Plaintiff, Carlos Thurman's Complaint (DN 1), state as follows:

### First Defense

The Answering Defendants affirmatively state that Plaintiff is not entitled to an award of punitive damages, and any such award would violate the Constitution of the United States and/or Commonwealth of Kentucky.

### Second Defense

The Answering Defendants affirmatively state that any acts taken involving Plaintiff did not involve oppression, fraud, or malice and as a result, punitive damages may not be awarded.

### Third Defense

As affirmative defenses the Answering Defendants plead waiver, estoppel (issue and claim preclusion), governmental immunity, qualified immunity, and privilege.

### Fourth Defense

The Answering Defendants cannot be held liable on the basis of *respondeat superior* or supervisory liability.

### Fifth Defense

Plaintiff's claims are barred by the doctrines of absolute, sovereign, official, governmental, good faith and/or qualified immunities.

### Sixth Defense

All or part of Plaintiff's claims are barred by the Eleventh Amendment.

### Seventh Defense

All or part of Plaintiff's claims are barred by the doctrines of *res judicata*, collateral estoppel, and/or laches.

### Eighth Defense

Plaintiff has failed to exhaust his administrative remedies as required by 42 U.S.C. § 1997e and/or KRS § 454.415.

### Ninth Defense

The Complaint fails to join necessary and indispensable parties.

### Tenth Defense

Because discovery has not taken place, the Defendants may have defenses which are not presently known. Therefore, to preserve any such defenses, the Defendants herein incorporate by reference, all of those appropriate defenses set forth in Rules 8 and 12 of the Federal Rules of Civil Procedure. Moreover, the Defendants reserve all rights pursuant to Rule 15 of the Federal Rules of Civil Procedure to subsequently amend this pleading in order to clarify, if necessary, the

applicability of any such defense or to add any other defenses (affirmative or otherwise) pertinent to this action.

### Eleventh Defense

The Complaint fails to state a claim upon which relief may be granted against the Defendants.

1. Paragraph 1 of the complaint contains Plaintiff's characterization of the Complaint and/or conclusions of law, to which no response is required. To the extent a response is deemed required, Defendant denies.

### JURISDICTION AND VENUE

2. The allegations in Paragraph 2 of the complaint are admitted.
3. The allegations in Paragraph 3 of the complaint are admitted.
4. The allegations in Paragraph 4 of the complaint are admitted.

### PLAINTIFF

5. Defendants admit the allegations in paragraph 5 of the complaint to the extent that this paragraph alleges "Plaintiff Carlos Thurman is an individual currently incarcerated at the Eastern Kentucky Correctional Complex in West Liberty, KY, where he has been since April 30, 2021. Prior to April 30, 2021, Mr. Thurman was incarcerated at Northpoint Training Center in Burgin, KY. He has been incarcerated in the Kentucky Department of Corrections since 1992." Defendants are without sufficient information to admit or deny whether Plaintiff is a practicing Rastafarian and therefore deny this allegation.

### DEFENDANTS

6. Defendants admit the allegations in paragraph 6 of the complaint.

7. Defendants admit the allegations in paragraph 7 in part and deny in part. Anna Valentine served as interim Warden at Northpoint Training Center from February 21, 2022 to June 13, 2022. In that position, Anna Valentine reviewed inmate grievance appeals. Defendants deny the remaining allegations in paragraph 7 of the complaint.

8. Defendants admit the allegations in paragraph 8 of the complaint.

9. Defendants admit that Defendant Mendalyn Cochran was acting Warden of Northpoint Training Center in Burgin, Kentucky in early 2021. Defendants admit that as acting Warden, Mendalyn Cochran was the administrator over the daily operations of the prison. Defendants are without sufficient information to admit or deny the remaining allegations in Paragraph 9 of the complaint, and therefore the remaining allegations in paragraph 9 of the complaint.

10. Defendants admit that Defendant Sergeant Rector is a correctional officer at Northpoint Training Center. Defendants are without sufficient information to admit or deny the remaining allegations in Paragraph 10 of the complaint, and therefore the remaining allegations in paragraph 10 of the complaint.

11. Defendants are without sufficient information to admit or deny the allegations in Paragraph 11 of the complaint, and therefore deny the allegations in this paragraph.

12. Defendants are without sufficient information to admit or deny the allegations in Paragraph 12 of the complaint, and therefore deny the allegations in this paragraph.

13. Defendants are without sufficient information to admit or deny the allegations in Paragraph 13 of the complaint, and therefore deny the allegations in this paragraph.

**FACTUAL ALLEGATIONS**

14. Defendants are without sufficient information to admit or deny the allegations in Paragraph 14 of the complaint, and therefore deny the allegations in this paragraph.

15. Defendants admit that Mr. Thurman has been incarcerated by the Kentucky Department of Corrections since 1992, and that from approximately September 19, 2020, to April 30, 2021, he was incarcerated at Northpoint Training Center in Burgin, KY.

16. Defendants are without sufficient information to admit or deny that Mr. Thurman is a practicing Rastafarian or that he has practiced this religion for approximately three years, and therefore deny the allegations in this paragraph.

17. Defendants are without sufficient information to admit or deny how Mr. Thurman learned about the Rastafari faith or what his religious practice includes. Defendants therefore deny the allegations in paragraph 17 of the complaint.

18. Defendants are without sufficient information to admit or deny the allegations in Paragraph 18 of the complaint, and therefore deny the allegations in this paragraph.

19. Defendants admit that Mr. Thurman previously had dreadlocks. Defendants are without sufficient information to admit or deny the remaining allegations in Paragraph 19 of the complaint, and therefore deny the allegations in this paragraph.

20. Defendants are without sufficient information to admit or deny the allegations in Paragraph 20 of the complaint, and therefore deny the allegations in this paragraph.

21. Defendants admit the allegations in paragraph 21 of the complaint.

22. Defendants are without sufficient information to admit or deny the allegations in Paragraph 22 of the complaint, and therefore deny the allegations in this paragraph.

23. Defendants admit the allegations in paragraph 23 of the complaint.

24. Defendants admit the allegations in paragraph 24 of the complaint.

25. Defendants admit the allegations in paragraph 25 of the complaint.

26. Defendants admit the allegations in paragraph 26 of the complaint.

27. Defendants admit the allegations in paragraph 27 of the complaint.

28. Defendants admit the allegations in paragraph 28 of the complaint.

29. Defendants are without sufficient information to admit or deny the allegations in Paragraph 29 of the complaint, and therefore deny the allegations in this paragraph.

30. Defendants are without sufficient information to admit or deny the allegations in Paragraph 30 of the complaint, and therefore deny the allegations in this paragraph.

31. Defendants are without sufficient information to admit or deny the allegations in Paragraph 31 of the Complaint, and therefore deny the allegations in this paragraph.

32. Defendants are without sufficient information to admit or deny the allegations in Paragraph 32 of the complaint, and therefore deny the allegations in this paragraph.

33. Defendants are without sufficient information to admit or deny the allegations in Paragraph 33 of the complaint, and therefore deny the allegations in this paragraph.

34. Defendants are without sufficient information to admit or deny the allegations in Paragraph 34 of the complaint, and therefore deny the allegations in this paragraph.

35. Defendants are without sufficient information to admit or deny the allegations in Paragraph 35 of the complaint, and therefore deny the allegations in this paragraph.

36. Defendants are without sufficient information to admit or deny the allegations in Paragraph 36 of the complaint, and therefore deny the allegations in this paragraph.

37. Defendants are without sufficient information to admit or deny the allegations in Paragraph 37 of the complaint, and therefore deny the allegations in this paragraph.

38. Defendants are without sufficient information to admit or deny the allegations in Paragraph 38 of the complaint, and therefore deny the allegations in this paragraph.

39. Defendants are without sufficient information to admit or deny the allegations in Paragraph 39 of the complaint, and therefore deny the allegations in this paragraph.

40. Defendants are without sufficient information to admit or deny the allegations in Paragraph 40 of the complaint, and therefore deny the allegations in this paragraph.

41. Defendants are without sufficient information to admit or deny the allegations in Paragraph 41 of the complaint, and therefore deny the allegations in this paragraph.

42. Defendants admit that Plaintiff wore his hair in dreadlocks. Defendants are without sufficient information to admit or deny the remaining allegations in Paragraph 42 and therefore deny the remaining allegations in this paragraph.

43. Defendants are without sufficient information to admit or deny the allegations in Paragraph 43 of the complaint, and therefore deny the allegations in this paragraph.

44. Defendants are without sufficient information to admit or deny the allegations in Paragraph 44 of the complaint, and therefore deny the allegations in this paragraph.

45. Defendants are without sufficient information to admit or deny the allegations in Paragraph 45 of the complaint, and therefore deny the allegations in this paragraph.

46. Defendants are without sufficient information to admit or deny the allegations in Paragraph 46 of the complaint, and therefore deny the allegations in this paragraph.

47. Defendants are without sufficient information to admit or deny the allegations in Paragraph 47 of the complaint, and therefore deny the allegations in this paragraph.

48. Defendants are without sufficient information to admit or deny the allegations in Paragraph 48 of the complaint, and therefore deny the allegations in this paragraph.

49. Defendants are without sufficient information to admit or deny the allegations in Paragraph 49 of the complaint, and therefore deny the allegations in this paragraph.

50. Defendants are without sufficient information to admit or deny the allegations in Paragraph 50 of the complaint, and therefore deny the allegations in this paragraph.

51. Defendants admit the allegations in paragraph 51 of the complaint to the extent the paragraph alleges that Plaintiff filed a classification appeal.

52. Defendants are without knowledge of Plaintiff's reasoning for filing the classification appeal, and therefore deny the allegations in this paragraph.

53. Defendants admit the allegations in paragraph 53 of the complaint.

54. Defendants are without sufficient information to admit or deny the allegations in Paragraph 54 of the complaint, and therefore deny the allegations in this paragraph.

55. Defendants are without sufficient information to admit or deny the allegations in Paragraph 55 of the complaint, and therefore deny the allegations in this paragraph.

56. Defendants are without sufficient information to admit or deny the allegations in Paragraph 56 of the complaint, and therefore deny the allegations in this paragraph.

57. Defendants are without sufficient information to admit or deny the allegations in Paragraph 57 of the complaint, and therefore deny the allegations in this paragraph.

58. Defendants are without sufficient information to admit or deny the allegations in Paragraph 58 of the complaint, and therefore deny the allegations in this paragraph.

59. Defendants are without sufficient information to admit or deny the allegations in Paragraph 59 of the complaint, and therefore deny the allegations in this paragraph.

60. Defendants are without sufficient information to admit or deny the allegations in Paragraph 60 of the complaint, and therefore deny the allegations in this paragraph.

61. Defendants are without sufficient information to admit or deny the allegations in Paragraph 61 of the complaint, and therefore deny the allegations in this paragraph.

62. Defendants admit the allegations in paragraph 62 of the complaint.

63. Defendants deny the allegations in paragraph 63 of the complaint.

64. Defendants are without sufficient information to admit or deny the allegations in Paragraph 64 of the complaint, and therefore deny the allegations in this paragraph.

65. Defendants are without sufficient information to admit or deny the allegations in Paragraph 65 of the complaint, and therefore deny the allegations in this paragraph.

66. Defendants deny the allegations in paragraph 66 of the Complaint.

67. Defendants are without sufficient information to admit or deny the allegations in Paragraph 67 of the complaint, and therefore deny the allegations in this paragraph.

## CLAIMS FOR RELIEF

68. Defendants incorporate its answers to Paragraphs 1-67 above by reference as if set forth fully herein.

69. Defendants are without sufficient information to admit or deny the allegations in Paragraph 69 of the complaint, and therefore deny the allegations in this paragraph.

70. Defendants are without sufficient information to admit or deny the allegations in Paragraph 70 of the complaint, and therefore deny the allegations in this paragraph.

71. Defendants are without sufficient information to admit or deny the allegations in Paragraph 70 of the complaint, and therefore deny the allegations in this paragraph.

72. Defendants incorporate its answers to Paragraphs 1-67 above by reference as if set forth fully herein.

73. Defendants are without sufficient information to admit or deny the allegations in Paragraph 73 of the complaint, and therefore deny the allegations in this paragraph.

74. Defendants are without sufficient information to admit or deny the allegations in Paragraph 74 of the complaint, and therefore deny the allegations in this paragraph.

75. Defendants are without sufficient information to admit or deny the allegations in Paragraph 75 of the complaint, and therefore deny the allegations in this paragraph.

76. Defendants incorporate its answers to Paragraphs 1-67 above by reference as if set forth fully herein.

77. Defendants are without sufficient information to admit or deny the allegations in Paragraph 77 of the complaint, and therefore deny the allegations in this paragraph.

78. Defendants are without sufficient information at this time to admit or deny the allegations in Paragraph 78 of the complaint, and therefore deny the allegations in this paragraph.

79. Defendants are without sufficient information at this time to admit or deny the allegations in Paragraph 79 of the complaint, and therefore deny the allegations in this paragraph.

Respectfully submitted,

*/s/ Edward A. Baylous II*
Edward A. Baylous II
Justice and Public Safety Cabinet
Office of Legal Services
125 Holmes Street, 2nd Floor
Frankfort, KY  40601
Phone:502-564-8231
Edward.Baylous@ky.gov

*/s/ Kristin Wehking*
Kristin Wehking
Justice and Public Safety Cabinet
Office of Legal Services
125 Holmes Street, 2nd Floor
Frankfort, KY  40601
Phone: 502-564-8231
Fax 502-564-6686
KristinL.Wehking@ky.gov

COUNSEL FOR DEFENDANTS – OFFICIAL CAPACITY CLAIMS ONLY
Cookie Crews, Anna Valentine, Brad Adams, John Rector, Scott Gordon, Jessica Payton and Jennifer Tracy

<u>CERTIFICATE OF SERVICE</u>

 I hereby certify that on July 11, 2022, I electronically filed this document with the Court by using the CM/ECF system, which will send notice of electronic filing to:

Corey M. Shapiro
Heather L. Gatnarek
Kaili Moss
ACLU of Kentucky
325 W. Main Street
Suite 2210
Louisville, KY 40202

            */s/ Edward A. Baylous II*
            COUNSEL FOR DEFENDANTS